[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. See Practice Book § 152. The role of the trial court is to examine the complaint, construed in favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action." Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, ___ A.2d ___ (1997).
The defendant moves to strike a portion of count three of the complaint. Paragraph eighteen of count three sounds in a cause of action "pursuant to [General Statutes] § 7-465 and/or [General Statutes] § 52-557n." The defendant concedes that CT Page 11894 count three is legally sufficient as it pertains to General Statutes § 7-465. The defendant seeks to strike only the portion of paragraph eighteen that relates to General Statutes § 52-557n. The use of the word "or" in paragraph eighteen, however, requires that only one of the statutory challenges be a cognizable cause of action. The defendant's motion to strike count three of the complaint is denied.
The defendant also moves to strike count four of the complaint. Count four sounds in a violation of General Statutes § 13a-149. "Section 13a-149 does not permit recovery unless the defect was the sole proximate cause of the injury . . . ."Sanzone v. Board of Police Commissioners, 219 Conn. 179, 197,592 A.2d 912 (1991). In the present case, the plaintiff fails to allege that the defect complained of was the sole proximate cause of her injury. The defendant's motion to strike count four of the complaint is granted.
The defendant's motion to strike count two and count five of the complaint is granted by agreement of the parties.
So Ordered.
Dated at Stamford, Connecticut, this 20th day of November, 1997.
WILLIAM BURKE LEWIS, JUDGE